UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:25-po-00546-HBK-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTIONS FOR APPOINTMENT OF COUNSEL AND JURY TRIAL |
| v. | |
| KEVIN KOVAR, | |
| Defendant. | (Docs. 5, 6) |

Defendant Kevin Tovar appeared on January 13, 2026 for his initial appearance and arraignment on Violation No. E2436594, charging Defendant with a bailable citation for a violation of 36 CFR 4.10(a),[1] operating a motor vehicle off road in an undesignated area, a petty offense. (Docs. 1, 4). After being appraised of his statutory and constitutional rights, including that he did not have a right to appointment of counsel nor a jury trial, Defendant made oral motions for appointment of counsel (Doc. 5) and a jury trial (Doc. 6). The Court denies both motions.

***Appointment of Counsel***

If financially eligible, a defendant is automatically entitled to the appointment of counsel under certain circumstances, including when the government charges them with a felony or a

---

[1] The violation notice afforded Kovar the option of paying a $100 fine plus a $30 processing fee in lieu of appearance consistent with Fed. R. Crim. P. 58(d)(1). (*See* Doc. 1-1).

Class A misdemeanor.  18 U.S.C. § 3006A(a)(1); *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Gideon v. Wainwright,* 372 U.S. 335 (1963).  *See also* General Order 663, V.A.1. (E.D. Cal. March 23, 2023).  Otherwise, the court has discretion to appoint counsel for a defendant charged with a Class B misdemeanor or a petty offense for which a sentence of confinement is authorized.  18 U.S.C. § 3006A(a)(2)(A).  In exercising its discretion, the court must find both that (1) a defendant is financially eligible; and (2) the interests of justice require appointment of counsel.  *Id.*, *see also* General Order 663.V.A.2.a.

In determining whether a defendant is financially unable to obtain adequate representation, the court considers "the person's and their dependents' costs for life's necessities, any cost to securing the person's pretrial release, any asset encumbrance, and the likely cost to retain counsel in their case."  General Order 663.V.B.2.d.  At the outset, Defendant has not attached a financial affidavit from which the Court can determine whether Defendant is financially eligible for appointment of counsel.

Nevertheless, the Court does not find that the interests of justice warrant appointment of counsel, even if the Court deemed Defendant financially eligible.  *See generally*, General Order 663.V.A.3.  The maximum *possible* penalties that Kovar could face, if convicted, include not more than six months' imprisonment, $5000 fine, five-year term of probation, and $10 special assessment.  18 U.S.C. §§ 1865(a), 3571(b)(6), 3561(c)(2).  The Court must appoint counsel if a financially eligible defendant <u>will</u> <u>be</u> sentenced to a term of imprisonment; however, "[a] misdemeanor prosecution does not trigger the Sixth Amendment's right to counsel simply because the crime charged carries with it the possibility of imprisonment."  *United States v. Tobey*, 2020 WL 1451590, \*3 (E.D. Cal. Mar. 24, 2020); (citing *Scott v. Illinois*, 440 U.S. 367, 73-74 (1979) (holding that appointment of counsel is not required for an indigent defendant when imprisonment upon conviction is authorized but not imposed)); *see also* Fed. R. Crim. P. 58(b)(2)(C) (noting no right to appointment of counsel for petty offense).

Here, the government confirmed that it is seeking only a monetary fine and the Court stated on the record that no term of imprisonment would be imposed even if Defendant was convicted of the petty offense.  *See United States v. Gera*, No. 5:22-PO-00026-CDB, 2024 WL

2

917511, at *2 (E.D. Cal. Mar. 1, 2024) (denying a request for counsel where the defendant received a bailable citation for violating 36 C.F.R. 4.10(a)).  Thus, Defendant's motion for appointment of counsel is denied.

**_Jury Trial_**

The Sixth Amendment guarantees the right to "a speedy and public trial, by an impartial jury" in all criminal prosecutions.  U.S. Const. amend VI.  However, this right only applies to serious offenses.  *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968) ("a general grant of jury trial for serious offenses is a fundamental right").  A defendant charged with a Class B misdemeanor possesses no right to a jury trial.  *United States v. Ehmer*, 87 F.4th 1073, 1110 (9th Cir. 2023) (citing *Lewis v. United States*, 518 U.S. 322, 325 (1996)), *overruled on other grounds by United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024); *United States v. Camas*, No. 24-CR-00513-PHK-1, 2025 WL 1207542, at *5 (N.D. Cal. Apr. 25, 2025) (finding a defendant was not entitled to a jury trial when the maximum possible term of imprisonment for the issued citation was six months or less).

Because Defendant was charged with a violation of 36 CFR 4.10(a), which falls under the federal classification for a petty offense—a Class B misdemeanor—not a serious offense, he has no right to a jury trial. *See* 36 C.F.R. § 1.3; 18 U.S.C. § 1865(a); 18 U.S.C. § 3559(a)(7); Fed. R. Crim. P. 58(b)(2)(E)(i).

Accordingly, it is ORDERED:

1.  Defendant's oral motion for appointment of counsel (Doc. 5) is DENIED.

2.  Defendant's motion for jury trial (Doc. 6) is DENIED.

Dated:   January 30, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3